UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: AUGUST 25, 2008
08CV4832
JUDGE ANDERSEN
MAGISTRATE JUDGE BROWN
AO

| | |
|---|---|
| DALLAS BROOKS, and<br>ERENESTINE WALTON,<br><br>    Plaintiffs,<br><br> vs.<br><br>CITY OF CHICAGO,<br>Chicago Police Officers<br>NICHOLAS CORR, Star 19925, and<br>JACQUELINE SPAARGAREN, Star 18321,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No.<br><br>Judge<br>Magistrate Judge<br><br>Jury Demand |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiffs' state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiffs are residents of Chicago, Illinois.

5. Defendant-Officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

## Facts

8. On or about September 2, 2007, Plaintiffs DALLAS BROOKS and ERENESTINE WALTON, along with BROOKS's nephew, cousin, and a couple of friends were sitting on BROOKS's front porch at 9210 South Blackstone Street, Chicago.

9. Defendant-Officers CORR and SPAARGAREN, who were both in uniform, drove past BROOKS's home in their marked squad car.

10. Defendant CORR was driving and stopped the squad car after passing BROOKS's house. They parked in an alley next to BROOKS's home.

11. CORR and SPAARGAREN exited the car and began to walk toward BROOKS's house.

12. Defendant SPAARGAREN asked BROOKS what he was doing. BROOKS told SPAARGAREN that he was lighting a rag to keep away the mosquitos.

13. SPAARGAREN asked WALTON, "What did you throw?"

14. WALTON told SPAARGAREN that she did not throw anything and asked Defendant SPAARGAREN what she was talking about.

15. SPAARGAREN ordered everyone on the porch to stand.

16. SPAARGAREN searched the bags on the porch.

17. SPAARGAREN also searched BROOKS, WALTON, and everyone else on the porch.

18. Defendant CORR did not search anyone.

19. Upon finding nothing during her search, SPAARGAREN ordered WALTON to sit down.

20. Defendant SPAARGAREN asked who lived in the house. BROOKS told SPAARGAREN that he and his mother lived there.

21. SPAARGAREN searched BROOKS and asked him if he "had anything on him." BROOKS told SPAARGAREN that he did not have anything on him.

22. SPAARGAREN asked BROOKS if he had ever been to jail. BROOKS said yes.

23. SPAARGAREN asked BROOKS if he was on parole. BROOKS said no.

24. SPAARGAREN searched the porch.

25. SPAARGAREN ordered BROOKS to go in the house with her; SPAARGAREN told BROOKS she needed to talk to him.

26. Defendant SPAARGAREN opened the screen door.

27. BROOKS asked SPAARGAREN why she wanted to take him into his mother's house.

28. SPAARGAREN informed BROOKS that he could either go inside the house with her or she could take him to jail.

29. BROOKS and SPAARGAREN entered BROOKS's home.

30. SPAARGAREN searched the front room, including closets.

31. Meanwhile, on the porch Defendant CORR ordered everyone sitting on the porch not to move.

32. SPAARGAREN asked BROOKS a few more questions, and they both exited the house. Upon exiting, BROOKS locked the door behind him.

33. SPAARGAREN searched WALTON again, saying that earlier she saw WALTON throw something. SPAARGAREN repeatedly asked WALTON what it was that she had thrown.

34. WALTON told SPAARGAREN that she did not throw anything and did not know what SPAARGAREN was talking about. SPAARGAREN again searched WALTON and found nothing.

35. SPAARGAREN searched the porch again, and the grass in front of the porch.

36. SPAARGAREN then stood on top of a chair on the porch. SPAARGAREN searched the porch roof and found a bag of bullets, saying: "Oh, look what I found."

37. SPAARGAREN called for a sergeant.

38. Two more police cars arrived, including a sergeant.

39. SPAARGAREN wanted to search the house again, but the sergeant told her she could not do so.

40. SPAARGAREN took WALTON's car keys, and then searched WALTON's car.

41. SPAARGAREN falsely claimed that she found marijuana in WALTON's car.

42. WALTON was taken to the police station on 103rd Street, then to the female lock-up on 111th Street. WALTON posted bond and was released.

43. WALTON was charged with possession of marijuana. The case was docketed in the Cook County Circuit Court as: People v. Walton, 07113369301. On September 25, 2007, the case was dismissed, based on a finding of no probable cause.

44. Defendant-Officers took BROOKS to the police station on 103rd Street and then to Cook County Jail.

45. BROOKS was charged with possession of bullets. The case was docketed in the Cook County Circuit Court as: <u>People v. Brooks</u>, 07 CR 20467. The case was nolled on February 13, 2008.

46. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, and pecuniary damages including monies posted for bond, and other damages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

47. Plaintiffs reallege paragraphs 1 through 46 as if fully set forth herein.

48. Defendant-Officers stopped and seized the Plaintiffs.

49. Defendant-Officers did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiffs were about to commit a crime or had committed a crime.

50. The seizure of the Plaintiffs without reasonable suspicion or any other legal justification violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiffs compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

51. Plaintiffs reallege paragraphs 1 through 46 as if fully set forth herein.

52. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain the Plaintiffs.

53. The arrest of the Plaintiffs without any legal justification or probable cause violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiffs compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

### COUNT III
### (42 U.S.C. § 1983 – Illegal Search of Person)

54. Plaintiffs realleges paragraphs 1 through 46 as if fully set forth herein.

55. Searching Plaintiffs' person without any legal justification or probable cause violated their Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiffs compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

### COUNT IV
### (42 U.S.C. § 1983 – Illegal Search of Vehicle)

56. Plaintiff WALTON realleges paragraphs 1 through 46 as if fully set forth herein.

57. Searching Plaintiff WALTON's vehicle without any legal justification or probable cause violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff WALTON asks that this Honorable Court:

a) Enter judgment against Defendant SPAARGAREN,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law Claim for Malicious Prosecution)

58. Plaintiff WALTON realleges paragraphs 1 through 46 as if fully set forth herein.

59. Defendant-Officers instituted charges against Plaintiff for possession of cannabis with intent to deliver.

60. There was not probable cause for such charges.

61. The charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
### (State Law Claim for Malicious Prosecution)

62. Plaintiff BROOKS realleges paragraphs 1 through 46 as if fully set forth herein.

63. Defendant-Officers instituted charges against Plaintiff for unlawful use of a weapon.

64. There was not probable cause for such charges.

65. The charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VII
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

66. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

67. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595